**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **REYNALDO JOSE PADRINO GARCIA** | **CIVIL CASE NO. 26-2407 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DHS, ET AL** | **MAGISTRATE JUDGE MCCLUSKY** |

## MEMORANDUM RULING AND ORDER

Pending before the Court is an Emergency Motion for Immediate Medical Evaluation and Care (R. Doc. 11) filed by Reynaldo Jose Padrino Garcia ("Petitioner"). Having carefully considered Petitioner's submissions and the applicable law, the Motion is **DENIED**.

Petitioner has been in ICE custody since being detained on March 31, 2026, and has a pending Petition for Writ of Habeas Corpus with this Court. *See* R. Doc. 1. Petitioner's Motion seeks relief in the form of the Court ordering Respondents to provide Petitioner with immediate medical evaluation and treatment. *See* R. Doc. at 2.

Habeas "is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Rather, "if a favorable determination ... would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead. *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997). As relevant here, "[u]nconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness,

or death—do not warrant release." *Ahmed v. Warden*, No. 24-1110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 5495437 (W.D. La. Dec. 11, 2024) (citations omitted); see also *Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *Sarres Mendoza v. Barr*, No. 18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("Claims concerning a prisoner's conditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action."). "Nor do allegations of mistreatment that amount to cruel and unusual punishment nullify an otherwise lawful detention." *Ahmed*, 2024 WL 5104545, at *1 (citations omitted).

Applying the above precedent, Petitioner's relief sought is unrelated to the lawfulness of his detention, and this habeas corpus action is not the proper procedural avenue to address access to medical care.

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion for Immediate Medical Evaluation and Care (R. Doc. 11) is **DENIED**.

**THUS DONE AND SIGNED** this 18th day of September, 2026.

Jerry Edwards, Jr.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**